# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>Sukhmanpreet Singh JAWANDA<br><br>*Defendant(s)* | Case No. 2:23-mj-0035 JDP<br><br>**SEALED** |

FILED
Mar 06, 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 25, 2022__ in the county of __San Joaquin__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute at least 400 grams of a mixture and substance containing Fentanyl, |
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute at least 500 grams of a mixture and substance containing Cocaine |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

/s/ Matthew Clayton
*Complainant's signature*

Matthew Clayton, DEA Special Agent
*Printed name and title*

Sworn to before me and signed telephonically.

Date: March 6, 2023

*Judge's signature*

City and state: Sacramento, California

Jeremy D. Peterson, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF DEA SPECIAL AGENT MATTHEW CLAYTON IN SUPPORT OF CRIMINAL COMPLAINT

1. I, Drug Enforcement Administration ("DEA") Special Agent Matthew Clayton, being duly sworn, hereby state:

## SCOPE OF REQUESTED CRIMINAL COMPLAINT

2. This affidavit supports an application for a criminal complaint and arrest warrant for:

    i.  Sukhmanpreet Singh JAWANDA
        (Counts 1, 2)

    COUNT ONE –   Possess with Intent to Distribute at least 400 grams of a mixture and substance containing Fentanyl, in violation of 21 U.S.C. § 841(a)(1) (March 25, 2022).

    COUNT TWO –   Possess with Intent to Distribute at least 500 grams of a mixture and substance containing Cocaine, in violation of 21 U.S.C. § 841(a)(1) (March 25, 2022).

## BACKGROUND AND EXPERTISE

3. I am a Special Agent of the United States Department of Justice, Drug Enforcement Administration (the "DEA"). I have been a DEA Special Agent since September 2004. I am currently assigned to the DEA Sacramento District Office ("SDO") charged with investigating major drug trafficking organizations operating in the Eastern District of California. I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

4. I was trained as a DEA Special Agent at the DEA/FBI Academy, Quantico, Virginia. During my training, I received special training in the Controlled Substances Act, Title 21 United States Code, including, but not limited to, Sections 841 and 846, Controlled Substance Violations and Conspiracy to Commit Controlled Substance Violations, respectively. I have received special training regarding criminal organizations engaged in conspiracies to manufacture and/or possess with intent to distribute fentanyl, counterfeit pharmaceutical tablets, ecstasy/MDMA, methamphetamine, cocaine, cocaine base, heroin, marijuana, and other dangerous drugs prohibited by law. I received further

training in search and seizure law and many other facets of drug law enforcement including clandestine laboratory investigations.

5. As a DEA agent, I have assisted in the execution of search warrants on many occasions for controlled substances and/or related paraphernalia, indicia, and other evidence of violations of federal drug statutes. I have participated in multiple investigations targeting individuals and organizations trafficking fentanyl, counterfeit pharmaceutical tablets, ecstasy/MDMA, cocaine, heroin, marijuana, methamphetamine and other drugs. During the course of these investigations, I have become familiar with the manner in which drug traffickers use telephones, often cellular telephones, to conduct their illegal operations. I have participated in wire interception cases encompassing multiple telephones and have previously written wire interception affidavits. Furthermore, I have served as both a monitor and wire room supervisor on federal wiretap investigations. Additionally, I have attended the California Department of Justice's eight-hour wire interception certification course, as set out in California Penal Code § 629.94.

6. Through my training, experience, and interaction with other experienced Special Agents, Task Force Agents, and other drug investigators, I have become familiar with the methods employed by drug traffickers to smuggle, safeguard, store, transport, and distribute drugs, to collect and conceal drug related proceeds, and to communicate with other participants to accomplish such objectives. These methods include the use of telephones, pre-paid or debit calling cards, public telephones, wireless communications technology such as paging devices and cellular telephones, counter-surveillance, elaborately planned smuggling schemes tied to legitimate businesses, and use of codes in communications in an attempt to avoid detection by law enforcement. Based on my training and experience, I also know that violators of the controlled substances laws often purchase telephones or subscribe to telephone service using false names and/or other individuals' names to avoid detection by law enforcement.

7. In addition to my personal knowledge, this affidavit is based on (1) information I obtained from related investigations; (2) conversations with other law enforcement officers including oral and written investigative and laboratory reports that I received directly or indirectly from other law enforcement officials; (3) review and analysis of information received from various sources, including evidence provided pursuant to subpoenas and search warrants, such as GPS tracking data; (4) physical surveillance conducted by law enforcement officials reported to me either directly or indirectly; (5) a review of public records, telephone toll records, and subscriber information; (6) information provided from confidential sources of information, cooperating defendants, and other sources of information working with law enforcement agencies; (7) a review of driver's license and automobile registration records; (8) records from various law

enforcement databases, including but not limited to the National Law Enforcement Telecommunications System ("NLETS") and the National Crime Information Center ("NCIC"); (9) my training and experience as a DEA agent; and/or (10) the training and experience of other law enforcement officials with whom I consulted during this investigation and the preparation of this Affidavit.

8. Because this affidavit is submitted for the limited purpose of supporting the requested criminal complaint and arrest warrant, I have not included the details of every aspect of the investigation. I have set forth only the facts that I believe are necessary to establish a foundation for an order authorizing the arrest of the individual identified in this affidavit.

### STATEMENT OF PROBABLE CAUSE

***On March 25, 2022, Sukhmanpreet Singh JAWANDA was Arrested Pursuant to a Traffic Stop and Seizures of Approximately 29,444 Counterfeit Oxycodone Pills Containing Fentanyl, Approximately 1 kilogram of Cocaine, and a Firearm.***

9. On March 25, 2022, at approximately 3:25 AM, a California Highway Patrol (CHP) officer observed a black GMC pickup truck, bearing CA license plate number C049J1, registered to Sukhmanpreet Singh JAWANDA, 1200 B Street, Apt 3, Yuba City, CA 95991, speeding and weaving between lanes on northbound Interstate-5 in Stockton, CA and subsequently conducted a traffic stop on the vehicle on S. Stanislaus St (exit off of Highway 4). Pursuant to the traffic stop, CHP officers contacted the driver and sole occupant of the vehicle, identified as Sukhmanpreet Singh JAWANDA. Due to JAWANDA's extreme nervousness, a CHP officer utilized a certified narcotic detection canine to conduct an exterior free air sniff of the black GMC truck, which resulted in a positive alert to the right front passenger's door. JAWANDA then attempted to flee and resist arrest when apprehended by officers. CHP officers subsequently searched the vehicle and discovered approximately 30,000 counterfeit oxycodone pills (which were separated into 30 separate packages divided equally into 3 heat sealed packages), approximately 1 kilogram of cocaine, a loaded Sig Sauer P365 semi-automatic handgun (S/N: NRA055351), and a loaded 7.62x39 rifle magazine. The drugs and magazine were located under the right rear seat inside of the vehicle, and the handgun was located underneath the driver's seat. CHP officers *Mirandized* JAWANDA but he refused to answer any questions. JAWANDA was arrested and transported to jail by CHP on state charges for possession and transportation of controlled substances for sale while armed and resisting arrest. DEA responded to the CHP Stockton office and took custody of the pills, cocaine, and firearm/magazine. The pills were later submitted to a DEA laboratory for analysis, which determined the total quantity of pills to be approximately 29,444, with a net weight of approximately 3,315.7 grams, which contained fentanyl.

    The cocaine was also later submitted to a DEA laboratory for analysis, which determined the net weight to be approximately 1,006 grams, which contained cocaine.

## CONCLUSION AND REQUEST TO SEAL

10. This Affidavit contains information regarding potential targets, which if unsealed may jeopardize this investigation. In light of the ongoing nature of the investigation, and the likelihood that notice to above-identified individuals may cause them to destroy evidence, flee from prosecution, and notify confederates, I request that this affidavit and resulting arrest warrant be sealed on the Court's docketing system, with the exception of copies utilized by law enforcement officers participating in the investigation.

11. I also hereby request that an arrest warrant be issued for Sukhmanpreet Singh JAWANDA.

12. I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

  /s/ Matthew Clayton
Matthew Clayton
Special Agent
Drug Enforcement Administration

Sworn and Subscribed to me telephonically on March _6_, 2023.

_____
Hon. Jeremy D. Peterson
United States Magistrate Judge

Approved as to form:

  /s/ Alstyn Bennett
Alstyn Bennett
Assistant United States Attorney